IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ADAM C. ERWIN,                          )
        Plaintiff,                  )
                        )
       v.                                 )          Civil Action No. 3:23CV68 (RCY)
                        )
FEDEX FREIGHT, INC.,                    )
        Defendant.                  )

## MEMORANDUM OPINION

This is an employment discrimination and ADA action brought by Adam C. Erwin ("Erwin" or "Plaintiff") against Defendant FedEx Freight, Inc. ("FedEx" or "Defendant"). The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 6). The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, Defendant's Motion to Dismiss will be granted, and this civil action will be dismissed.

## I. RELEVANT PROCEDURAL BACKGROUND

On January 27, 2023, Defendant timely removed this action from Chesterfield County Circuit Court, on the basis of federal question jurisdiction. Notice of Removal, ECF No. 1. The Court subsequently ordered that the pending state court demurrer be denied as an improper pleading in federal court and directed Defendant to file an Answer or Motion to Dismiss on or before February 17, 2023. Order of Feb. 3, 2023, ECF No. 5. On February 16, 2023, Defendant filed the instant Motion to Dismiss, accompanied by a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Mot. Dismiss, ECF No. 6; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiff filed a Response in Opposition[1]

---

[1] Plaintiff filed two identical documents titled "Additional Pleading by Adam Erwin" (ECF Nos. 8, 9), and the Court ordered that these were to be construed as Plaintiff's Response in Opposition. Order of March 13, 2023,

to Defendant's Motion on February 16, 2023, and Defendant filed a Reply on March 15, 2023. Opp'n, ECF No. 8; Reply, ECF No. 11.  Defendant's Motion to Dismiss is accordingly ripe.

## II.  FACTUAL ALLEGATIONS[2]

Adam Erwin, a military veteran, began working for FedEx on July 1, 2021, in the role of Fleet Maintenance Supervisor.  Compl. 3,[3] ECF No. 1-1; *id*. at 13 (Oct. 4, 2021 Erwin "Statement of Incident").  Over the course of the next two and a half months, Erwin experienced "harassment" in the form of excessive supervisory attention and questioning regarding his performance.  *Id*. at 13–17.  This increased his anxiety and raised his blood pressure.  *Id*. at 13.  He further perceived certain practices that he felt were "unethical," including suspected violations of the Sarbanes-Oxley Act of 2002, and he reported these concerns to FedEx's local Employee Relations Advisor, Adrian Prentiss.  *Id*. at 13–14.  He also took issue with how a coworker was reportedly "denied time off for bereavement of an immediate family member's death."  *Id*. at 13.

At one point during his employment, Erwin organized a call with FedEx's Veteran Advocacy Team; he subsequently received a "Corrective Action Form" stating that he should not have scheduled this call without informing his manager, Chris Crain.  *Id*. at 14; *see also id*. at 9–11 (Aug. 30, 2021 Corrective Action Form).  Finally, Erwin alleges that he was denied "employment on the second shift[,] which is the position he was verbally offered and [which] was

---

ECF No. 10.  For clarity of the record, the Court will hereafter only provide citations to the first-filed of these identical documents, ECF No. 8, and will cite it as Plaintiff's "Opposition".

[2] Generally, the Court does not contemplate extrinsic material when evaluating a complaint on a motion to dismiss.  However, the Court may consider documents incorporated into the complaint, *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007), and it may also consider any documents attached to the motion to dismiss if those documents are essential to the plaintiff's claim or are "sufficiently referred to in the complaint," as long as there is no challenge of their authenticity. *Witthohn v. Fed. Ins. Co*., 164 F. App'x 395, 396–97 (4th Cir. 2006).  Here, because the Complaint is lacking in detailed factual allegations but states that its attachments "demonstrate" the complained-of harassment, the Court uses the Complaint's attachments to illuminate the relevant factual background.

[3] The Court applies the pagination assigned by the CM/ECF system.  The Complaint comprises pages 2–4 of ECF No. 1-1; pages 5–36 of ECF No. 1-1 consist of Plaintiff's supporting documentation.  Given the absence of exhibit markers or other delineations, the Court will cite to all of this documentation collectively as the "Complaint".

necessary for [him] to attend medical appointments with the Veteran's Administration," despite his having submitted a Reasonable Accommodation request to that effect. *Id*. at 3. Erwin filed this Reasonable Accommodation Request on September 10, 2021, was suspended on September 16, 2021, and was terminated on or about October 29, 2021. *Id*.; Br. Supp. Mot. Dismiss 1, ECF No. 7.

Erwin generally alleges that he was harassed at work and that this led to health problems such as high blood pressure. *Id*. at 14. Following the termination of his employment, Erwin "appealed" his termination status, *see id*. at 3, alleging harassment, discrimination, and retaliation; FedEx investigated these claims and found them to be unsubstantiated. *Id*. at 12 (Nov. 1, 2021 e-mail with subject "Completed Investigation"). Erwin then mailed a complaint to the Virginia Office of the Attorney General, Office of Civil Rights ("OCR"); OCR confirmed receipt of this complaint and informed Erwin that it would reach out upon completion of its review. *Id*. at 5 (Jan. 10, 2022 OCR Letter).

This lawsuit followed, in which Erwin alleges that FedEx "violated his civil rights by discriminating against him as a veteran and a person with a disability." *Id*. at 3.

## III. STANDARD OF REVIEW

Defendant seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson*, 682 F. Supp. 2d at 567 (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations

contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff. *Id*. However, pleadings that offer simply "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. Moreover, where a plaintiff attaches or incorporates a document into their complaint, it is proper to accept the contents of the document(s) over conflicting allegations in the Complaint. *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234–35 (4th Cir. 2004).

And, though it is true that pleadings by *pro se* plaintiffs must be held to a less stringent standard than those drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the pleadings must nevertheless set forth enough facts to state a claim.

## IV. ANALYSIS

The Complaint asserts that FedEx violated the Civil Rights Act of 1964 "by discriminating against a veteran's use of bereavement leave and by making the act of military veterans speaking to one another misconduct." Compl. at 3. The Complaint also asserts that FedEx violated the Americans with Disabilities Act ("ADA") "by denying [Plaintiff] employment on second shift[,] which . . . was necessary for [him] to attend medical appointments . . . ." *Id*. As set forth in greater detail below, Plaintiff has failed to state a claim as a matter of law under either statute.[4]

### A. Plaintiff Does Not State a Claim under the Civil Rights Act of 1964

To begin with, Plaintiff fails to state a claim under the Civil Rights Act of 1964 ("CRA") because veterans are not a protected class under the provisions of that law. Title VII of the CRA

---

[4] Plaintiff's Opposition endeavors to raise new claims under the Virginia Human Rights Act, Va. Code § 2.2-3900, and the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4212. However, Plaintiff cannot amend his Complaint raising new matters in response to a motion. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (holding that "a plaintiff may not amend her complaint via briefing") (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc*., 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, these new claims are not properly before the court and thus will not be addressed here.

prohibits discrimination based on race, color, national origin, sex (including pregnancy, sexual orientation, and gender identity), and religion.  These are referred to as the "protected classes" under Title VII.  Unfortunately for Plaintiff, veterans are not a protected class.  *See* 42 U.S.C. § 2000e-2(a) (prohibiting discrimination based on "race, color, religion, sex, or national origin").

Moreover, even if Plaintiff's veteran status did entitle him to certain protections under the CRA, his claim concerning bereavement leave would fail for lack of standing, given that Plaintiff's submissions clearly indicate that it was another FedEx employee, not Plaintiff, who requested and was reportedly denied time off for bereavement leave.  And Plaintiff's allegation that FedEx made it "misconduct" for veterans to speak to one another is simply not supported by the record; the Corrective Action Form Plaintiff received makes clear that FedEx took issue with Plaintiff's use of training- and work-focused time to schedule an "extracurricular meeting" and with Plaintiff's practice of initiating conversations with hourly team members that were inappropriate given their and Plaintiff's respective positions.  *See* Corrective Action Form, ECF No. 1-1 at 9–11.

Accordingly, Plaintiff has failed to state a claim under the CRA and any such claims will be dismissed.

## B.  Plaintiff Does Not State a Claim under the Americans with Disabilities Act

Next, Plaintiff likewise fails to state a claim under the Americans with Disabilities Act ("ADA"), because he does not allege facts to show either disparate treatment because of his purported disability or FedEx's failure to reasonably accommodate the same.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Discrimination for purposes of the ADA includes the failure

to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). To establish a *prima facie* case of a failure to accommodate claim under the ADA, Plaintiff must show that: 1) he has a disability within the meaning of the statute; 2) FedEx had notice of such disability; 3) with reasonable accommodation Plaintiff could have performed the essential functions of his position; and 4) FedEx refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001).

Plaintiff's ADA allegation—that he was "den[ied] employment on second shift[,] which . . . was necessary for [him] to attend medical appointments"—when read in the light most favorable to him as a *pro se* litigant, appears to allege a failure to accommodate claim. However, the documentation he himself provided in support of his Complaint, though it does support a determination that he has Anxiety Disorder,[5] does not support a potential finding that FedEx denied him a reasonable accommodation in relation to that disorder. The medical evaluation document Plaintiff provided, ECF No. 1-1 at 18–20, indicates that Erwin's physician found that Erwin could "safely perform all duties of [his] job . . . without risk of injury to self or others." *Id*. at 18. Because the physician selected "yes" in answer to that question, the physician did not indicate any modifications or accommodations Erwin needed to perform his job duties, i.e., there is no

---

[5] Plaintiff also references his status as a "disabled veteran," ostensibly as another basis for his ADA claim. *See* Compl. 3. However, as pointed out by Defendants, disability for purposes of the Department of Veterans Affairs does not constitute *de facto* disability for purposes of the ADA, as the ADA defines disability to be a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual . . . ." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A). Neither Erwin's Complaint nor his Department of Veterans Affairs documents indicate that his service-related impairments "substantially limit one or more . . . major life activit[y]" and thus constitute a disability within the meaning of the ADA separate and apart from his medical diagnosis for Anxiety Disorder.

suggestion anywhere on this form that Erwin could only work "second shift" as a result of his disability.  *Id*.  Thus, FedEx's alleged denial of second-shift work is not a refusal to make a reasonable and medically necessary accommodation, and thus does not constitute a violation of the ADA.

To the extent Erwin also endeavors to claim disparate treatment under the ADA, the Court finds that he has alleged no facts that suggest any of the purported disparate treatment was based on his status as an individual with a disability.  Accordingly, the Court finds that Erwin has failed to state a claim under any theory of liability available under the ADA.

### C.  Plaintiff Failed to Exhaust Administrative Remedies

 Even if Plaintiff met the requirements and factual predicates to state a claim under either the CRA or the ADA, Plaintiff nevertheless has failed to demonstrate that he exhausted available administrative remedies before filing suit.  This is a prerequisite for bringing a civil action under either law.  42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); *see also Snydor v. Fairfax Cnty*, 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the ADA incorporates that statute's enforcement procedures, *id*. § 12117(a), including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, *see id*. § 2000e-5(b), (f)(1).").

Although it does appear that Plaintiff filed a complaint with the Virginia Office of Civil Rights, *see* Compl. 5, there is no evidence or even allegation that Plaintiff filed the necessary charge with the EEOC.  In fact, Plaintiff acknowledges that he did not, and instead characterizes such administrative requirements as "the uselessness of time-wasting administrative remedies." Pl. Opp'n 1.  While the Court is sympathetic to Plaintiff's frustration with his experience with FedEx and the Virginia Office of Civil Rights's lack of response to his complaint, this frustration

does not excuse his failure to satisfy the administrative exhaustion requirements of the CRA and the ADA. Moreover, because Plaintiff's 300-day window for filing such a charge has now passed, *see EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001) ("In a deferral state [Virginia], a charge is timely if it is filed with the Commission within 300 days of the last alleged act of discrimination and served on the company within ten days of being received by the EEOC.") (citing 42 U.S.C. § 2000e-5(e) & (e)(1)), this appears to be an incurable deficiency, as a result of which dismissal of Plaintiff's Complaint must be with prejudice. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice is appropriate where an amendment to the complaint would be futile).

## V.  CONCLUSION

For the reasons set forth above, Plaintiff has failed to state any claim upon which relief may be granted. Defendant's Motion to Dismiss (ECF No. 6) will therefore be granted, and this civil action will be dismissed with prejudice.

An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  September 13, 2023